IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARNETTA SWIFT, ) | |
| ) | |
| Plaintiff, ) | 4:16CV3081 |
| ) | |
| V. ) | |
| ) | |
| JAREBECK LUX, JUDGE COFFEY, ) | **MEMORANDUM** |
| OFFICER HOLTMAYER, FOXALL, ) | **AND ORDER** |
| director of corrections, and JON DOE, ) | |
| unknown Staff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed her Complaint in this matter on June 6, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is difficult to decipher. As best the court can tell, Plaintiff alleges that she was taken into custody by police for possession of a controlled substance. She claims that after she posted bond, the police refused to release her because Judge Coffey ordered her to be held. She also asserts that Jarebeck Lux did not make a motion for bond review in other criminal cases involving Plaintiff that were then pending in state court.

Plaintiff requests that the court award her $500,000,000 in damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

In this 42 U.S.C. § 1983 action, Plaintiff alleges that she was held in jail in violation of her constitutional rights. However, Plaintiff's Complaint, which is conclusory and lacking in detail, fails to state cognizable claims.

The Complaint does not specify whether Plaintiff is suing Defendants in their official or individual capacities. Therefore, the court presumes they are sued in their official capacities only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)).

In this case, it appears that Plaintiff is suing employees of the State of Nebraska, City of Omaha, and Douglas County, Nebraska in their official capacities. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Consequently, Plaintiff's official capacity claims against employees of the State of Nebraska fail. Moreover, the City of Omaha and Douglas County can only be liable under § 1983 if a municipal policy or custom caused Plaintiff's injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff has not made allegations supporting such a claim. Therefore, Plaintiff's Complaint fails to allege viable causes of action.

Additionally, Plaintiff fails to specify how Foxall or Officer Holtmayer were personally involved in the events described in the Complaint. Their names only appear in the caption of the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003).

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by September 26, 2016, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: September 26, 2016 check for amended complaint.

Dated this 29th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

4